UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXANDRA DOLL and
PATRICIA DOLL,

        Plaintiffs,

   v.                                         Case No. 03-C-603

NEW HOLSTEIN SCHOOL DISTRICT, et al.,

        Defendants.

**DECISION AND ORDER**

In 2003, the plaintiffs filed this action in Calumet County Circuit Court, alleging that Alexandra Doll, a minor, was sexually assaulted on numerous occasions by another student while attending New Holstein Elementary School. The complaint alleges that various school staff were aware of the assaulter's actions and did nothing to prevent them or to protect Alexandra. The complaint largely focuses on state law theories of negligence, but also alleges the defendants violated Alexandra's civil rights, contrary to 42 U.S.C. § 1983.

The defendants have moved to dismiss the case on the ground that the pendency of state insurance liquidation proceedings makes this federal action inappropriate.[1] The school district's insurer, Villanova Insurance, became insolvent at some point after this litigation was commenced. Under Wis. Stat. § 645.04(1), the defendants assert, Wisconsin circuit courts have exclusive jurisdiction over actions involving the assets of an insurer in liquidation. The defendants argue that

---

[1] The defendants have not filed a reply brief in support of their motion to dismiss.

although this case involves federal civil rights issues, a federal court in these circumstances should defer to the role of the states in regulating insurance.

At the outset, the abstention argument seems somewhat out of place in a lawsuit that the defendants themselves removed to federal court – there is something odd about removing a case to federal court only to argue that the federal court should then abstain from hearing the action. Putting that to one side, the *Burford* abstention doctrine on which the defendants rely is inapposite under these circumstances. *See Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). The doctrine holds, sensibly, that a federal court should abstain from deciding matters that might interfere with a state's traditional regulation of the insurance industry. As the Seventh Circuit has summarized the doctrine:

> "[W]e should abstain from deciding difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the present case." We should also abstain "from the exercise of federal review that would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*Property & Cas. Ins. Ltd. v. Central Nat. Ins. Co. of Omaha,* 936 F.2d 319, 322 (7th Cir. 1991) (quoting *Hartford Cas. Ins. Co. v. Borg-Warner Corp.,* 913 F.2d 419, 425 (7th Cir.1990)).

Although the defendants have attempted to portray this case as an insurance action involving matters of state law, it is not. It is simply a negligence and civil rights case in which the plaintiff alleges the defendants committed various torts and deprived her of rights and liberties protected by the Constitution; whether the defendant has adequate insurance or not is immaterial to the proceedings on the merits of this action. Thus, this case will not determine any "difficult questions of state law," nor will it disrupt the state's efforts to establish any policy regarding a matter of public concern. *Id.* Accordingly, abstention is not appropriate merely because the defendant in a civil

2

action happens to have insurance from a company that is in liquidation proceedings, and the defendants have cited no similar case holding otherwise.

Ultimately, the premise of the defendants' argument seems to be that its insurer's assets will be disturbed if the defendants are found liable, and that this could somehow disrupt any liquidation proceedings occurring at the state level. They further assert that if this court abstains, the plaintiffs will still have a remedy because they would be able to pursue a remedy through the state process. Both of these assertions presume that a plaintiffs' remedies under the Constitution and § 1983 are limited by the nature of the defendants' relationship with its insurer. That is not true. Section 1983 provides that "Every person who, under color of any statute . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. It does not contain the condition, "so long as the defendant has a solvent insurer."

Accordingly, the defendants' motion to dismiss is **DENIED**. The clerk will schedule the matter for a telephonic scheduling conference.

**SO ORDERED** this    30th    day of November, 2006.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge